UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

                Plaintiff,

v.                                                Case No. 20-cv-805-pp

SGT. LANNOYE, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 7) AND SCREENING AND DISMISSING THE COMPLAINT**

Plaintiff Antonio Mays, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, the plaintiff's motion for extension of time, dkt. no. 7 and screens and dismisses his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2) and Motion for Extension of Time to Pay Initial Partial Filing Fee (Dkt. No. 7)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C.

1

§1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

The court ordered the plaintiff to pay an initial partial filing fee of $2.93 on or before July 17, 2020. Dkt. No. 6. The court received that fee on July 16, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

The same day the court received the initial partial filing fee, the court received a motion from the plaintiff, asking for an extension of time to pay the initial partial filing fee. Dkt. No. 7. The court will deny as moot the plaintiff's motion for an extension of time.

**II.     Screening the Complaint**

　　A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720

(7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)).

To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)).

3

B.  The Plaintiff's Allegations

The plaintiff is an inmate at Green Bay Correctional Institution. Dkt. No. 1. He sued Sergeant Lannoye, Correctional Officer Kammer and John/Jane Does #1-4. Id.

The plaintiff alleges that on May 27, 2020, Lannoye, Kammer and John Doe #1 were assigned to first shift on the plaintiff's unit. Id. at 2. It was Wednesday, the day that correctional officers distribute toilet paper on the unit. Id. The plaintiff says that he and his cellmate noticed that Lannoye, Kammer and John Doe #1 had not placed toilet paper in front of their cell that morning, so they asked if they could get some. Id. Lannoye, Kammer and John Doe #1 confirmed that the cell was out of toilet paper and said they would bring some. Id. at 2-3. This was around 8:45 a.m. Id. at 3.

The plaintiff says that at some point (it's not clear whether it was in the morning), he asked John Doe where the toilet paper was, because he needed to use the toilet; he indicates that he takes prescription Milk of Magnesia twice a day for constipation, he had taken a dose the night before and he needed to use the toilet. Id. The plaintiff says that he had intestinal surgery and consequently could not hold his bowels. Id.

The plaintiff says that between 8:00 a.m. and 2:00 p.m., the three officers did not bring toilet paper, so he had to "hold [his] waste" for up to eight and a half hours. Id. Second shift started at 2:00, and the plaintiff says that around 2:20 p.m., the plaintiff asked John/Jane Does #2-4 for toilet paper. Id. The plaintiff alleges that he told these officers about how the medicine caused

4

him to need to use the bathroom and about how he'd been holding his bowels since 8:00 a.m. Id. The plaintiff says that he started to have pains and stomach cramps due to all the officers refusing to provide him with toilet paper. Id. He says he had to use the toilet without paper and had to get up without cleaning himself. Id. In his prayer for relief, the plaintiff says that he had to go to the Health Services Unit for the cramps and pain. Id. at 4.

For relief, the plaintiff seeks $2,000,000 from each of the officers, for a total of $12,000,000. Id.

C. Analysis

The Eighth Amendment prohibits states from subjecting prisoners to cruel and unusual punishment, but "extreme deprivations are required to make out a conditions-of-confinement claim." Giles v. Godinez, 914 F.3d 1040, 1051 (7th Cir. 2019). "If under contemporary standards the conditions cannot be said to be cruel and unusual, then they are not unconstitutional, and [t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. "The core issue is whether the conditions deprived the plaintiff of a 'minimal civilized measure of life's necessities.'" Id.

"The plaintiff must first establish an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety." Id. The plaintiff must then establish a subjective showing of a defendant's culpable state of mind. Id.

5

The plaintiff should not have had to wait over eight hours for toilet paper, nor should he have had to have a bowel movement without toilet paper. But as unpleasant and uncomfortable as the situation may have been, denial of toilet paper does not rise to the level of a constitutional violation that denies an inmate the "minimal civilized measure of life's necessities." See Harris v. Fleming, 839 F.2d 1232, 1234–36 (7th Cir. 1988) (holding that a lack of toilet paper for five days was not a constitutional violation); see Dye v. Lemon, 40 F. App'x 993, 996-97 (7th Cir. 2002) (holding that denial of toilet paper for several days was not a constitutional violation); see also Johnson v. Dunahay, No. 17-CV-941-WMC, 2020 WL 4053972, at *5 (W.D. Wis. July 20, 2020)( "[T]he Seventh Circuit has held on multiple occasions that the lack of toilet paper for multiple days does not amount to a constitutional violation.")

As the court explained to the plaintiff in one of his other cases, Mays v. Kemper, Case No. 19-cv-231 (E.D. Wis.), Dkt. No. 10 at 5-6, denial of toilet paper in conjunction with other conditions (denial of towels, denial of showers, denial of toothbrush, denial clothes, *etc.*) over a significant period may, in the "aggregate," establish a "mutually enforcing effect" of denying an inmate the minimal civilized measure of life's necessities. See, *e.g.* Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016) (noting that an adverse condition must be "endured over a significant time" to violate the constitution). Short term denial of toilet paper, however, may be unpleasant, but it is not an "extreme" deprivation.

The plaintiff alleges that he had stomach pains and cramps because of holding his bowels for such a long time. But while he says that he told the

6

Case 2:20-cv-00805-PP   Filed 08/17/20   Page 6 of 9   Document 9

officers about the medicine he was taking and its impact on him, he does not allege that he told the officers that he was in pain, or that he asked to go to the HSU or to see a nurse. He has not alleged that any of the officers "realize[d] that a substantial risk of serious harm to [the plaintiff] exist[ed], but then disregard[ed] that risk." Perez, 792 F.3d at 776 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994). Given this, the plaintiff has not stated a claim for deliberate indifference to a serious medical need.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$344.14** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined b)(

.

The court **DENIES as moot** the plaintiff's motion for extension of time to pay initial partial filing fee. Dkt. No. 7.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and

determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of August, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

9

Case 2:20-cv-00805-PP   Filed 08/17/20   Page 9 of 9   Document 9