UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MAYS,

                Plaintiff,

v.                                            Case No. 20-cv-805-pp

SGT LANNOYE, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 17) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ORDER (DKT. NO. 19)**

      On August 17, 2020, the court dismissed the complaint in this case for failure to state a claim upon which a federal court could grant relief. Dkt. Nos. 9, 10. The plaintiff filed a notice of appeal, a motion for leave to appeal without prepaying the filing fee and a copy of his prisoner trust fund account statement. Dkt. Nos. 12, 17, 18. On September 29, 2020, he filed a motion asking this court to issue an order to the institution where he is incarcerated. Dkt. No. 19. This order resolves both motions.

      Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505 filing fee in advance for an appeal, he can request the court for permission to proceed without prepayment. For the court to consider such a request, the prisoner must complete a petition and affidavit and return it to the court, along with a certified copy of the prisoner's

trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2).

The court then must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1). After the prisoner pays the initial fee, he must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the prisoner will collect the money and send payments to the court.

There are three grounds for denying a prisoner appellant's request to proceed without prepaying the filing fee: the prisoner has not shown that he is indigent, the prisoner filed the appeal in bad faith or the prisoner has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g). The court finds that the plaintiff has established that he is indigent, see Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) (". . . a plaintiff who . . . was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith"), and that he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their

2

merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). The court sees no indication that the plaintiff did not take this appeal in good faith. The court will grant his motion to proceed on appeal without prepaying the filing fee.

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. Dkt. No. 18. A review of this information reveals that the plaintiff must pay an initial partial filing fee of $3.09, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

On September 29, 2020, the clerk's office received a letter from the plaintiff, asking the clerk to have the court send an order to the Green Bay Correctional Institution instructing that institution to take only 20% monthly from his account to pay the balance of the filing fees he owes in the five federal cases he has pending. Dkt. No. 19. He alleges that the institution is taking 40% and that because he receives only $6.75, he doesn't have enough money to buy soap and toothpaste. Id. at 1. He says the business office is taking 20% every two weeks, not once a month. Id. at 2.

3

The plaintiff attached to the letter a copy of his trust account statement for the period September 12, 2020 through September 25, 2020. Dkt. No. 19-1. That document shows that on September 25, 2020, $4.53 in "Withhold Federal Filing Fee" was removed from the plaintiff's regular trust account. Id. It appears that the amount was removed in two chunks—a chunk of $3.62 and a chunk of $0.91 (each chunk lists the plaintiff's five pending federal cases).

Generally, "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1983); see also United States v. Taylor, 796 F.3d 788, 791 (7th Cir. 2015). This motion, however, does not appear to be an "aspect[] of the case involved in the appeal." The court believes it has jurisdiction to rule on the motion.

The court will deny the motion without prejudice. Section 1915(b)(2) of Title 28 says that after an inmate pays the initial partial filing fee, he must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." The court cannot tell whether the $4.53 taken from the plaintiff's account on September 25, 2020 exceeded 20% of his preceding month's income. He did not include the trust account statement for the preceding month. The prison did not remove the same amounts twice on one day. It is not clear why the prison broke the $4.53 amount down into two withdrawals. Without more information, the court cannot conclude that the prison is taking more than the statutorily-mandated 20% of the prior month's

income out of the plaintiff's account. The court will deny the motion without prejudice, which means that the plaintiff may file the motion again if he has more information.

The court **GRANTS** the plaintiff's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 17.

The court **ORDERS** that by the end of the day on **November 13, 2020**, the plaintiff must forward to the Clerk of Court **$3.09** as the initial partial filing fee for this appeal. The plaintiff must send the fee in time for the court to *receive* it by the end of the day on November 13, 2020. If the plaintiff fails to comply with this order, the court of appeals may dismiss his appeal. The plaintiff must clearly identify the payment by the case name and the *appellate* case number—Case No. 20-2747.

The court also **ORDERS** that after the plaintiff pays the initial partial filing fee, the agency that has custody of the plaintiff must collect from his prison trust account the balance of the filing fee ($501.91) by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for an order. Dkt. No. 19.

The court will send copies of this order to the officer in charge of the agency where the inmate is confined and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated in Milwaukee, Wisconsin this 13th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**